IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROGER JUDGE,

      Plaintiff,                                 05cv1463

v.                                    **ELECTRONICALLY FILED**

CANADA,

      Defendant.

### MEMORANDUM OPINION AND ORDER

Plaintiff Roger Judge has filed, *pro se*, a "Civil Suit Complaint" against "Canada." While his complaint is difficult to understand, he asserts that he was extradited from Canada, where he had been in that country's prison system, to the United States, where he is incarcerated by the Pennsylvania Department of Corrections at SCI-Green on death row. The date of extradition is not specified, but it appears to have been in 1998 or after. The Commonwealth of Pennsylvania has a death penalty; Canada does not.

Plaintiff complains that the extradition was illegal, that a United Nations Human Rights Committee agreed that extradition from a country without a death penalty to one with such a penalty violates human rights, and he requests this Court to grant an expedited hearing on his request for relief made pursuant to international law. Specifically, plaintiff requests the following relief: (1) damages of $500,000 a day since June 1999 to present, or some $5,500,500; (2) $1,000,000 in attorneys fees; and (3) $7,000,000 as compensation for cruel and unusual punishment, pain and suffering and inhumane treatment.

This Court is required to review plaintiff's complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte*

screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis* ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Legally frivolous complaints include: 1) those based upon an indisputably meritless legal theory; and 2) those with factual contentions that are clearly baseless. Neitzke v. Williams, 490 U.S. 319, 327 (1989).[1] A plaintiff fails to allege a section 1983 claim if the court is satisfied "that no relief could be granted under any set of facts that could be proved consistent with the allegation." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). A plaintiff must allege specific facts supporting his claims to withstand dismissal under 28 U.S.C. § 1915(e) for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358, 1996 WL 732328 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996). Although the court construes IFP complaints liberally, particularly in the context of dismissal on the basis of frivolousness, the court is bound by the allegations of the complaint.

Plaintiff is a "prisoner" as that term is defined under the PLRA and he will be granted leave to proceed *in forma pauperis* in this action. Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. § 1915(e).

---

[1] *See also* Denton v. Hernandez, 504 U.S. 25 (1992) (an IFP complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact); Deutsch v. United States, 67 F.3d 1080 (3d Cir. 1995) (court may dismiss *in forma pauperis* claim as "frivolous" if it determines that the claim is: (1) of little or no weight, value, or importance; (2) not worthy of serious attention; or (3) trivial).

Plaintiff's complaint seeks relief that this Court cannot afford him.  Whatever merit there might conceivably be to his claims, his presence in the state prison system at SCI-Green establishes that he has (or had) avenues available to him to challenge the extradition via the Pennsylvania state courts and, following exhaustion, federal habeas proceedings.  Therefore, even assuming plaintiff somehow was able to perfect service of his complaint for monetary damages on "Canada," there are a host of reasons why this Court cannot grant the monetary damages relief he requests in this case, including Heck v. Humphrey, 512 U.S. 477 (1994) and Rooker-Feldman.[2]  Accordingly,

**AND NOW, this 25th day of October, 2005, IT IS HEREBY ORDERED** that plaintiff is granted IFP status, and that his complaint is *sua sponte* **DISMISSED** as legally frivolous.

                                                s/ Arthur J. Schwab
                                                Arthur J. Schwab
                                                United States District Judge

cc:    All counsel of record as listed below
Roger Judge
DT-6550
SCI Greene
175 Progress Drive
Waynesburg, PA 15370

---

      2     Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) (Rooker-Feldman doctrine bars lower federal courts from exercising jurisdiction over a case that is the functional equivalent of an appeal from a state court judgment).